### John M. Hoffman v. Daniel B. Harrington.

*Forcible entry and detainer: Time: Evidence: Two distinct entries under one complaint.* In a proceeding under the "Forcible entry and detainer act," to recover possession of land, the complaint alleges a forcible entry on February 19th; evidence is introduced tending to show two entries, one on the 18th, and the other on the 21st; the jury find specially that the entry on the 18th was not forcible; but that on the 21st the defendant entered with force upon an exclusive and peaceable possession, which the complainant had obtained; and they, therefore, find him guilty, as charged:—

*Held,* That the time alleged is not immaterial in the same sense in which it is held to be in indictments; and that two distinct occurrences cannot properly be submitted to the jury under one complaint; and if they could, the complainant is no more at liberty to claim the one on which the jury found in his favor as the one intended, than the defendant is to demand a discharge because the jury acquitted him of the other.

*Judicial notice: Changing the ground on a new trial.* There having been a former trial of this same cause, and the proceedings thereon having been before this court for review, this court will take notice of the fact that, on said former trial, the complainant sought to recover upon proof of a forcible entry on the day named in the complaint; and the complainant having once gone to trial with evidence directed to the events of that precise day, the occurrence will be considered as made certain thereby; and it was not competent to permit the ground to be changed on the new trial.

*Heard April 23.    Decided May 17.*

Error to St. Clair Circuit.

*A. E. Chadwick*, for plaintiff in error.

*Atkinson Brothers* and *Cyrus Miles*, for defendant in error

COOLEY, J.

This case originated before a circuit court commissioner, where Harrington complained of Hoffman that on the 19th day of February, 1869, he made unlawful and forcible entry upon certain premises of complainant in the city of Port Huron. After judgment by the commissioner, the case was taken to the circuit court by appeal, where it was tried by jury. Harrington was sworn as a witness, and his evidence went to show that the premises were vacant and uninclosed lots which for some years he had occupied as a spar yard; that he found a fence up on Saturday, February 19th, and two men on the lots framing the foundation of a house; that he told them to stop, as the lots were his, and he wanted no such improvements or work done there. The men, who were in Hoffman's employ, paid no heed to Harrington's command, and on Monday morning he returned with teams and assistance to draw back the spars and tear down the fence, but found some of Hoffman's men there, and soon after Hoffman himself, and various proceedings then took place in the endeavor of the respective parties to regain or to hold possession, which we need not here detail. By ten o'clock that morning, or thereabouts, Hoffman was left in possession. By other evidence it appears he first took possession on February 18th. The circuit judge allowed the case to go to the jury on the theory that if Harrington regained peaceable possession on the morning of the 21st, and held it for a brief space of time, as he claimed to have done, and then Hoffman made forcible entry upon this possession, the plaintiff would be entitled to their ver-

dict.    The jury found specially in answer to questions put
to them, that Hoffman's entry on the 18th of February
was not forcible, but that on the 21st he entered with
force upon an exclusive and peaceable possession which
Harrington had obtained; and they therefore found him
guilty as charged.

It can scarcely be necessary to say that two forcible
entries were not in issue before the jury in this case.
Neither can we say that the occurrence on the 21st was
any more the one in controversy than that on the 18th.
The complaint charged a forcible entry on the 19th;
and as the complaint is required to be made upon oath,
the time alleged cannot be held to be immaterial in the
same sense in which it is held to be in indictments.    But
we do not decide in this case that the complainant is con-
fined in his proofs to the exact time stated in the com-
plaint, as it is clear that two distinct occurrences cannot
properly be submitted to the jury under one complaint.
But if they could be, and neither of them should corre-
spond in time with the charge, the complainant would be
no more at liberty to claim the one on which the jury has
found in his favor as the one intended, than the defendant
would be to demand a discharge because the jury acquitted
him of the other.

In this case, however, there has been one trial previous
to this, and as that was brought to this court for review,
we are at liberty to take notice of the fact that Harring-
ton sought to recover upon proof of a forcible entry on
the 19th.    Now it is clear that this complaint cannot
mean one occurrence on one trial, and another on a sub-
sequent trial; it must at all times have one and the same
transaction in view, as the one complained of.    The com-
plaint cannot be a floating charge, under which several
different grievances may be tried in succession; but if the

precise occurrence intended is not fixed by the date given, it must at least be considered as made certain when the complainant goes to trial with evidence directed to the events of that precise day. The court was in error, therefore, in permitting the ground to be changed on the new trial; and for this the judgment must be set aside, and a new trial ordered.

CHRISTIANCY, CH. J., and CAMPBELL, J., concurred.

GRAVES, J., did not sit in this case.